**CERTIFIED COPY**
I, Debra C. Poplin, Clerk of Court,
certify that the attached is a true
and full copy of the original.
By _____ Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE:  CAST IRON SOIL PIPE AND FITTINGS
ANTITRUST LITIGATION                                                    MDL No. 2508

**TRANSFER ORDER**

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, plaintiff in a Northern District of
California action moves for centralization of this litigation in that district.  This litigation currently
consists of four actions pending in two districts, as listed on Schedule A.  Since the filing of the
motion, the parties have notified the Panel of ten related actions pending in various federal districts.[1]

All parties support centralization under Section 1407, but disagree on an appropriate choice
for transferee district.  Plaintiffs in the four actions on the motion and four potential tag-along actions
support the Northern District of California.  Plaintiffs in the potential tag-along actions in the
Northern District of Florida and the Eastern District of Tennessee propose their respective districts.
All defendants[2] request a district in the Southeast region.  The Charlotte Pipe defendants request the
Western District of North Carolina, and the McWane defendants request that district or the Northern
District of Alabama.

On the basis of the papers filed and the hearing session held, we find that these actions involve
common questions of fact, and that centralization will serve the convenience of the parties and
witnesses and promote the just and efficient conduct of this litigation.  These actions share factual
questions relating to allegations that defendants conspired to fix, raise, maintain, or stabilize the price
of cast iron soil pipe and fittings ("CISP") from January 2006, to the present in violation of federal
antitrust laws, including *inter alia,* Charlotte Pipe's acquisition of the CISP business of a competitor,
Star Pipe Products, Ltd., in 2010.  Plaintiffs in the actions on the motion and potential tag-along
actions bring their actions on behalf of virtually identical nationwide classes of direct and indirect
purchasers.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings,
especially with respect to class certification; and conserve the resources of the parties, their counsel
and the judiciary.

---

[*]  Judges Paul J. Barbadoro, Marjorie O. Rendell, and Lewis A. Kaplan took no part in the decision
of this matter.

[1]  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1
and 7.2.

[2]  The defendants are McWane, Inc., AB&I Foundry, Tyler Pipe Company, Charlotte Pipe and
Foundry Company, and Randolph Holding Company.

Any of the suggested districts would be an appropriate forum for this nationwide litigation. Weighing all factors, we have selected the Eastern District of Tennessee. The record indicates that the center of gravity of this litigation is in the Southeast, which is where defendants and their trade association have their principal places of business. Thus, the primary witnesses and documentary evidence likely will be located in this region. Plaintiff in one potential tag-along action and defendants McWane, Inc., Tyler Pipe, and AB&I Foundry support this district in the first instance or in the alternative, and all defendants support selection of a district in the Southeast. Judge Harry S. Mattice, Jr., is an experienced jurist who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Tennessee and, with the consent of that court, assigned to the Honorable Harry S. Mattice, Jr., for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Charles R. Breyer                    Sarah S. Vance
Ellen Segal Huvelle

## SCHEDULE A

Northern District of California

A&S Liquidating Inc. v. AB&I Foundry, et al., C.A. No. 3:13-04568
Las Vegas Supply, Inc. v. AB&I Foundry, et al., C.A. No. 3:13-04792
Trumbull Industries, Inc. v. AB&I Foundry, et al., C.A. No. 3:13-04833

District of Puerto Rico

Samuel Sanchez Amador v. AB&I Foundry, et al., C.A. No. 3:13-01825